837 P.2d 1207

Valery BISHOP, Plaintiff–Appellant,

v.

**STATE of Arizona, DEPARTMENT OF CORRECTIONS; Cochise Community Counseling Services, Inc., an Arizona corporation, Defendants–Appellees.**

**No. 1 CA–CV 90–0484.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 10, 1992.

Miller & Pitt, P.C. by Richard L. McAnally, Anna L. Torriente, Denneen L. Peterson, Tucson, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Susan Sherwin, Terry Harrison, Asst. Attys. Gen., Phoenix, for defendant-appellee State of Ariz., Dept. of Corrections.

Hazlett & Wilkes by James M. Wilkes, Tucson, for defendant-appellee Cochise Community Counseling Services.

## OPINION

McGREGOR, Judge.

This case requires us to consider the scope of a duty gratuitously assumed and to decide whether the trial court erred in entering summary judgment in favor of defendants because plaintiff had not made a sufficient showing of the existence of all elements of her negligence claims.

## I.

Valery Bishop, a fifteen-year-old high school student from Bisbee, was injured in an automobile accident while returning home from a five-day youth conference in Flagstaff sponsored by the State of Arizona. The state had enlisted the aid of Cochise Community Counseling Services (CCCS) to recruit high school students from Cochise County to attend the conference. CCCS recruited Bishop and several of her fellow students from Bisbee High School.

Bishop traveled to and from the conference in a car with two other students from Bisbee, Shelly Collins and Heidi Kuhlberg. Sixteen-year-old Kuhlberg was the only licensed driver in the group. Fifteen-year-old Collins, who was given permission to use her mother's car on the trip, held a learner's permit authorizing her to drive if accompanied by a licensed driver.

With Kuhlberg and Collins sharing the driving, the three students drove to the conference without incident. When the girls left Flagstaff at the conclusion of the conference, Collins drove and the other two girls fell asleep in the car. Collins apparently fell asleep while driving and lost control of the car. The car rolled, causing serious injury to Bishop.

Bishop sued Collins and her mother for negligence and reached a settlement with them. Bishop's suit also named various other defendants, including the state and CCCS, alleging that their separate acts of negligence contributed to her injuries. Bishop alleged the state and CCCS failed to exercise due care in coordinating and supervising transportation for the students. Bishop also alleged the state acted negligently in scheduling the conference in a manner that provided inadequate rest time for the students so they left the conference exhausted and therefore more likely to be involved in an accident.

Bishop appeals from the trial court's grant of summary judgment for the state and CCCS on her negligence claims and from the trial court's denial of her request to amend her complaint. We have jurisdiction pursuant to Ariz.Rev.Stat.Ann. § 12–2101.B.

## II.

Bishop first contends the trial court erred by denying her request to amend her complaint to allege the students recruited for the conference became defendants' gratuitous employees. *See* Ariz. R.Civ.P. 15(a). She sought this amendment so she could argue defendants, as employers, owed a higher duty of care than they would have owed were the students volunteers.

The ruling on a motion to amend pleadings is left to the trial court's sound discretion. *Romo v. Reyes*, 26 Ariz.App. 374, 375, 548 P.2d 1186, 1187 (1976). A trial court does not abuse its discretion by denying a motion to amend if it finds undue delay in the request, bad faith or a dilatory

motive on the part of the movant, undue prejudice to the opposing party as a result of the amendment, or futility in the amendment. *In re Estate of Torstenson v. Valley Nat'l Bank,* 125 Ariz. 373, 376–77, 609 P.2d 1073, 1076–77 (App.1980).

 Bishop sought to amend her complaint more than two years after filing her original complaint and only a few months before the date set for trial. Additionally, assuming Bishop could show she became a gratuitous employee, she cannot establish the scope of defendants' duty as employers included any obligation to the students in their travels to and from the conference due to their status as gratuitous employees. As we noted in *Scottsdale Jaycees v. Superior Court,* 17 Ariz.App. 571, 575, 499 P.2d 185, 189 (1972), travel necessarily incurred in coming to or going from work does not fall within the scope of employment.

Because the trial court could exercise its discretion to find Bishop unduly delayed filing the motion and because the proposed amendment would have been futile, we find no abuse of discretion in the trial court's order denying Bishop's motion.

## III.

 Bishop next contends the trial court erred by granting defendants summary judgment on her negligence claims. In determining the propriety of granting a motion for summary judgment, we view the evidence and all reasonable inferences from the evidence in the light most favorable to the party opposing the motion. *United Bank of Arizona v. Allyn,* 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App. 1990). If any issue of material fact exists upon which reasonable people might reach different conclusions, summary judgment is not appropriate. *Orme School v. Reeves,* 166 Ariz. 301, 309–10, 802 P.2d 1000, 1008–09 (1990). Even if no factual dispute exists, summary judgment is inappropriate when reasonable jurors could draw conflicting inferences from the cir-

cumstances. *Northern Contracting Co. v. Allis–Chalmers Corp.,* 117 Ariz. 374, 376, 573 P.2d 65, 67 (1977).

### A.

 Bishop contends the state and CCCS owed a duty of care arising from their express gratuitous undertaking to supervise and coordinate the transportation used by students to travel to and from the conference. Bishop bases her argument upon RESTATEMENT (SECOND) OF TORTS § 323 (1965), which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

 To determine whether Bishop made a sufficient showing of the elements of her claim to withstand defendants' motion for summary judgment, we first consider the scope of the duty Bishop alleges defendants gratuitously assumed. An actor who gratuitously undertakes to render services agrees to exercise reasonable care in performing the undertaking. As section 323 of the Restatement makes clear, however, the scope and nature of the undertaking determine the scope and nature of the duty gratuitously assumed. *See, e.g., Gordon v. Alaska Pacific Bancorporation,* 753 P.2d 721, 724 (Alaska 1988) (undertaking to prevent employee from fighting gave rise "to correlative duty to protect those with whom he foreseeably would fight"). The gratuitous actor does not assume an extended duty independent of the undertaking itself.

In responding to the motion for summary judgment, Bishop suggested that defen-

dants' gratuitous undertaking included an agreement to assure student drivers were licensed drivers and to check the drivers for fatigue. At oral argument before this court, however, Bishop candidly conceded defendants' undertaking consisted, at most, of a promise that a CCCS employee would travel with the students in a caravan of three cars. We conclude Bishop failed to establish a material issue of fact as to whether defendants can be found liable for a failure to perform that undertaking with reasonable care for two reasons.

First, Bishop cannot establish that defendants undertook a duty to travel in a caravan with the students. The assertion that defendants undertook that duty depends entirely upon Bishop's statement. All other students involved and defendants' employees testified the students were informed and clearly understood that students were responsible for providing their own transportation and that no adult would travel with them.

■ Bishop's assertion that she understood otherwise conflicts with her responses to requests for admissions propounded by one of the defendants. In those responses, Bishop stated she did not recall any discussion as to whether a licensed adult driver would accompany the students, was not aware whether an adult driver would accompany the students, and no discussion occurred concerning the presence of a licensed driver. A party cannot create a material issue of fact by contradicting her own prior testimony. *See Orme School*, 166 Ariz. at 309, 802 P.2d at 1008 ("[A]ffidavits that contain inadmissible evidence, that are internally inconsistent, that tend to contradict the affiant's sworn testimony at deposition, and similar items of evidence ... [are] insufficient to withstand a motion for summary judgment.").

■ Second, even construing all facts in her favor, Bishop introduced no evidence that would enable reasonable minds to conclude that the lack of a caravan proximately caused the accident. The issue of proxi-

mate cause normally is a question of fact for the jury. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 358, 706 P.2d 364, 370 (1985). In this case, however, Bishop points to nothing in the record that would permit a jury to conclude, without engaging in speculation, that the lack of a caravan contributed in any way to the accident that resulted in Bishop's injuries. Under such circumstances, the trial court correctly determined, as a matter of law, that Bishop could not establish defendants' alleged failure to exercise reasonable care in performing their gratuitous undertaking proximately caused Bishop's injury.

### B.

■ Bishop also contends the state breached its duty of care as an organizer of the conference by scheduling conference activities in a manner that gave the students inadequate rest, although the state should have foreseen the risk of injury if fatigued students were allowed to drive home. The state recognizes that, as conference organizer, it assumed an obligation to use some care to avoid or prevent injury to the students attending the conference. In its written argument on appeal, the state argued that its duty to the students began and ended with the conference. At oral argument, however, the state agreed its obligation to use reasonable care could, at some point, require it to consider the level of fatigue of student participants. The state asserts, however, that these facts do not permit a finding that it breached its duty of reasonable care.

Bishop presented evidence that during this five and one-half day conference the day's events began with breakfast, served between six-thirty and eight o'clock a.m. After breakfast, students had to walk approximately one mile to the opening meeting. Scheduled activities took place from eight o'clock a.m. until midnight each day. Conference supervisors informed students they were expected to participate in all events. According to the conference schedule, students were to leave at mid-after-

noon on the final day to return to their homes. Bishop also presented evidence that some of the students, including Collins, complained of fatigue.

■ Although the trial court determined the state fulfilled the applicable standard of care as a matter of law because teenagers need little sleep, we believe reasonable jurors could reach a contrary conclusion. When reasonable people can differ as to whether the danger of some injury is reasonably foreseeable, the question of negligence is one of fact for the jury to decide. *Markowitz*, 146 Ariz. at 357–58, 706 P.2d at 369–70.

Viewing all reasonable inferences in Bishop's favor, we conclude a reasonable jury could find the state did not provide the students with adequate rest time and that, in failing to provide adequate rest time, the state failed to conform to the required standard of care. Additionally, a jury could conclude the state should have foreseen that a schedule that provided inadequate time for rest could contribute to the possibility of automobile accidents, particularly because, given the age of the student participants, many drivers would be inexperienced. Furthermore, the state knew some participants would have to travel a considerable distance to return home.

Given those facts, a reasonable jury could conclude the state acted negligently and that its negligence contributed to the accident in which Bishop sustained injury. For that reason, we conclude the trial court erred in granting summary judgment on this claim.

### IV.

For the reasons stated in this decision, we affirm the trial court's order denying Bishop's motion to amend the pleadings, affirm summary judgment in favor of the state and CCCS as to Bishop's claim for negligent supervision and coordination of transportation, and reverse summary judgment in favor of the state as to Bishop's claim for negligent scheduling of conference activities.

CONTRERAS, P.J., and FIDEL, J., concur.