NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DONALD W. KAMELA and SIERRA W. KAMELA,
*Plaintiffs/Appellants*,

*v.*

ONE WEST BANK, FSB; IMB HOLD CO.,
LLC; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS),
*Defendants/Appellees.*

No. 1 CA-CV 13-0361

FILED 12-30-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2011-053584
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED**

---

COUNSEL

Donald W. Kamela and Sierra W. Kamela, Scottsdale
*Plaintiffs/Appellants*

Quarles & Brady LLP, Phoenix
By John M. O'Neal and Ryan S. Patterson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill joined.

---

**N O R R I S**, Judge:

¶1 Plaintiffs/appellants Donald and Sierra Kamela appeal from the superior court's judgment dismissing their claims for unlawful foreclosure, wrongful foreclosure, fraud, to set aside the trustee's sale, to void/cancel the trustee's deed, to void/cancel notice of the trustee's sale, false advertising, widespread consumer fraud, to void/cancel assignment of the deed of trust, gross negligence, and quiet title against defendants/appellees One West Bank FSB, IMB Hold Co., LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, "One West"). All of the Kamelas' claims arise from a trustee's sale of their home pursuant to a deed of trust they executed to secure their obligations under a promissory note.

¶2 On appeal, the Kamelas first argue the superior court should not have dismissed their claims because the trustee's sale was invalid. According to the factual allegations in their complaint, which we must accept as true, *see Fidelity Sec. Life Ins. Co. v. State, Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998), the successor trustee, MTC Financial, Inc. DBA Trustee Corps ("MTC"), did not become an Arizona-licensed insurer until February 5, 2010 and was not, therefore, qualified to act as trustee when it recorded the notice of trustee's sale on April 30, 2009.[1]  *See* Ariz. Rev. Stat. ("A.R.S.") § 33-803(A) (2014) ("licensed insurance producer under the laws of this state" may serve as a trustee under a deed of trust). Thus, they argue the trustee's sale was unlawful and invalid, and they were entitled have it set aside. Reviewing the dismissal of the Kamelas' claims de novo, *see Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7, 284 P.3d 863, 866-67 (2012), we hold the superior court properly dismissed their claims under A.R.S. § 33-811(C) (2014) because they failed to obtain a court order enjoining the sale.

---

[1]The notice of substitution of trustee identified MTC as an "Insurance Agent."  MTC received its license on February 5, 2010, and, thus, was a qualified trustee at the time of the trustee's sale.

¶3            Under A.R.S. § 33-811(C), a trustor waives all defenses and objections to a trustee's sale unless the trustor obtains a court order enjoining the sale before the sale date.  As relevant, the statute reads as follows:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of [an injunction] entered before 5:00 p.m. . . . on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C).  The statute by its plain terms applies to all defenses and objections.  *See, e.g.*, *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).  Consequently, under the statute, after a trustee's sale is completed, a trustor cannot "challenge the sale based on pre-sale defenses or objections."  *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 11, 275 P.3d 598, 600 (2012).  The only objection a trustor may raise to challenge a completed sale is lack of notice, a challenge the Kamelas did not raise in the superior court.  *Steinberger v. McVey ex rel. Maricopa Cnty.*, 234 Ariz. 125, 136, ¶ 42, 318 P.3d 419, 430.

¶4            Thus, the statute required the Kamelas to raise their objections and obtain an injunction no later than one business day before the sale to preserve their claims.  *See* A.R.S. § 33-811(C).  Although the Kamelas filed an action to enjoin the sale in the superior court before the sale date, the court denied their request and the sale went forward.  Nevertheless, the Kamelas argue A.R.S. § 33-811(C) is inapplicable to their claims because MTC was not qualified to serve as a trustee and thus "no trustee mailed a notice of sale pursuant to A.R.S. [§] 33-809."  We disagree with this argument.

¶5            Section 33-811(C) applies to the trustor and to "all persons to whom the trustee mails a notice of sale under the trust deed . . . ."  As we explained in *Madison v. Groseth*, 230 Ariz. 8, 12, ¶ 11, 279 P.3d 633, 637 (App. 2012), "[t]he plain language of § 33-811(C) does not require the trustee to comply with the mailing requirements of § 33-809 for the waiver provision to apply later to the trustor."  There, we held that service of the notice of

trustee's sale required by A.R.S. § 33-809(C) (2014)[2] was not a prerequisite to the application of A.R.S. § 33-811(C) to a trustor because to interpret the statute in that fashion would render its reference to "trustor" superfluous. *Id.* We recognized the potential for due process violations when the trustor does not receive sufficient notice of the sale to allow adequate time to seek an injunction, but concluded the trustor in that case was not deprived of due process because she had sufficient notice of the sale, which, is the case here as well. *Id.* at 12-13, ¶ 12, 279 P.3d at 637-38.

¶6 Because A.R.S. § 33-811(C) is applicable even when the trustee does not send a notice of trustee's sale to the trustor, the statute is also applicable when, as alleged by the Kamelas, an unqualified trustee sends the notice to the trustor. MTC's status as an unqualified trustee when it sent the notice of trustee's sale does not affect the applicability of A.R.S. § 33-811(C) to the Kamelas' claims. Therefore, the superior court properly granted One West's motion to dismiss.

¶7 The Kamelas also argue the superior court should not have dismissed their claims without allowing them to file an amended complaint, arguing that "[l]eave to amend shall be freely given when justice requires," Ariz. R. Civ. P. 15(a)(1), and they did not receive notice that the superior court had granted One West's motion to dismiss on September 27, 2012 until November. Although leave to amend should be freely granted when justice requires, it is not automatic. *Id.; In re Estate of Torstenson*, 125 Ariz. 373, 376, 609 P.2d 1073, 1076 (App. 1980). A court does not abuse its discretion in denying a motion to amend when a plaintiff's request is unduly delayed or when the amendment would be futile. *Bishop v. State Dep't of Corrections*, 172 Ariz. 472, 474-75, 837 P.2d 1207, 1209-10 (App. 1992). In this case the Kamelas unduly delayed in seeking to amend and then presented an amended complaint that would have been futile. Thus, the court did not abuse its discretion in denying the request to amend. *See Hall v. Romero*, 141 Ariz. 120, 124, 685 P.2d 757, 761 (App. 1984) (appellate court will not overturn superior court's denial of request for leave to amend absent abuse of discretion).

¶8 On October 3, the Kamelas requested "as much time as possible" to prepare an amended complaint. On November 19, 2012, the Kamelas notified the court and One West they intended to file a request for

---

[2]The statute provides: "The trustee, within five business days after the recordation of a notice of sale, shall mail by certified or registered mail, with postage prepaid, a copy of the notice of sale to each of the persons who were parties to the trust deed except the trustee." A.R.S. § 33-809(C).

leave to file an amended complaint, noting that they had just recently received the court's ruling granting the motion to dismiss, and asked the court for at least 90 days to file their request for leave to amend. They did not file their request for leave to amend until April 10, 2013. Thus, even accepting the Kamelas' allegation they did not receive the September 27 ruling dismissing their claims until November, they still delayed almost five months before requesting leave to file an amended complaint.

¶9 Further, the claims in the Kamelas' proposed amended complaint still relied primarily on the allegation that MTC was not a qualified trustee when it sent the notice of sale. Consequently, the claims would still have been barred by A.R.S. § 33-811(C), and, thus, the proposed amendments were futile.

¶10 One West requests an award of attorneys' fees on appeal pursuant to Section 22 of the deed of trust. One West is not entitled to a fee award under the deed of trust, however.

¶11 Section 22 of the deed of trust provides, "[l]ender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." Under this provision, One West is entitled to an award of fees incurred in "pursuing the remedies" available for the Kamelas' default. In the current litigation, however, One West is not pursuing its remedies; it is defending against an action by the Kamelas for alleged improprieties in the trustee's sale. Accordingly, it is not entitled to a fee award under Section 22 of the deed of trust. Although we will enforce a contract provision for fees according to its terms, *First Fed. Sav. & Loan Ass'n of Phoenix v. Ram*, 135 Ariz. 178, 181, 659 P.2d 1323, 1326 (App. 1982), we cannot revise or rewrite the agreement. *Mining Inv. Group, LLC v. Roberts*, 217 Ariz. 635, 639, ¶ 16, 177 P.3d 1207, 1211 (App. 2008).

¶12 One West also seeks fees under A.R.S. § 12-341.01 (2013), a statute that authorizes an award of reasonable attorneys' fees to the successful party "[i]n any contested action arising out of a contract." That statute is inapplicable here as this action did not arise out of a contract, but instead, out of tort and statutory claims.

¶13 Under the statute, an action arises out of a contract when the contract is "*the* factor" giving rise to the litigation; it does not arise out of contract if the contract is merely peripheral to the cause of action. *Lewin v. Miller Wagner & Co.*, 151 Ariz. 29, 37, 725 P.2d 736, 744 (App. 1986); *accord Hanley v. Pearson*, 204 Ariz. 147, 151, ¶ 17, 61 P.3d 29, 33 (App. 2003) (a

contract cannot merely be a factual predicate to the action, but must be the essential basis of it). The statute does not apply to a "purely statutory" cause of action even when a contract is peripherally involved. *Id.*; *Kennedy v. Linda Brock Auto. Plaza, Inc.*, 175 Ariz. 323, 325, 856 P.2d 1201, 1203 (App. 1993). Similarly, when the cause of action involves a tort, the statute applies only when the tort action could not have existed but for the breach of the contract. *A.H. By and Through White v. Ariz. Prop. & Cas. Guar. Fund*, 190 Ariz. 526, 529, 950 P.2d 1147, 1150 (1997); *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 15-16, ¶ 27, 6 P.3d 315, 320-21 (App. 2000).

**¶14** The Kamelas' claims were all based on the allegation that MTC was not a qualified trustee under A.R.S. § 33-803(A), not on the note or deed of trust. Based on this foundational allegation, they asserted One West had failed to strictly comply with the statutory scheme governing deeds of trust and had tortiously dispossessed them of their home by selecting and using an unqualified trustee. Although the note and deed of trust were factual predicates to the Kamelas' claims, they were not the essential basis for their claims against One West. And further, One West raised a statutory, and not a contractual, defense to the Kamelas' claims. *See* A.R.S. § 33-811(C).

**¶15** One West is not, therefore, entitled to fees on appeal under either the deed of trust or A.R.S. § 12-341.01.

## CONCLUSION

**¶16** We affirm the superior court's judgment in favor of One West and against the Kamelas. Although, as discussed, One West is not entitled to fees on appeal, as the prevailing party on appeal, it is entitled to an award of costs under A.R.S. § 12-341 (2003), contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama