NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GREGORY BEST, *Plaintiff/Appellant*,

*v.*

STEVE VILLARREAL, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0199

FILED 5-14-2020

Appeal from the Superior Court in Maricopa County
Nos. CV2017-000578
CV2017-004846
(Consolidated)
The Honorable Rosa Mroz, Judge

**AFFIRMED**

APPEARANCES

Gregory Best, Phoenix
*Plaintiff/Appellant*

Law Office of Kyle A. Kinney PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Defendants/Appellees, Steve Villarreal and 12th Street Property
Trust*

Barry Becker PC, Phoenix
By Barry C. Becker
*Counsel for Defendants, Lucas Land Consortium*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1          Gregory Best appeals from the superior court's judgment in favor of Steve Villarreal, the 12th Street Property Trust (the "Trust"), Lucas Land Consortium, L.L.C. ("Lucas Land"), and Walter Jackson (collectively, "the Defendants"). For the following reasons, we affirm.

**BACKGROUND**

¶2          Best received approval from the City of Phoenix for two business developments in 2005, and thereafter entered option contracts to purchase property for the planned developments. Best subsequently alleged that, despite full knowledge of his option contracts, Foresight Invest Group, L.L.C. ("Foresight") induced multiple property owners to transfer their parcels to Foresight, thereby interfering with Best's business expectancies. In August 2011 and April 2012, Best secured default money judgments against Foresight.

¶3          In January 2017, Best filed a complaint against Villarreal, the Trust, Jackson, and Foresight alleging: (1) fraudulent transfer (Count 1), (2) tortious interference with a business expectancy (Count 2), and (3) trespass/criminal damage (Count 3). Explaining Foresight failed to satisfy either default money judgment, Best alleged Villarreal, Jackson, the Trust, and Foresight engaged in a "shell game" to conceal Foresight's assets (seven parcels of real property) and thereby thwart collection of the damages owed under the money judgments. Like the previously litigated acts of tortious interference, Best also alleged Villarreal, Jackson, the Trust, and Foresight interfered with a third business expectancy by fraudulently asserting ownership over land that Best planned to develop as a residential housing project ("the 12th Street property"). Finally, Best asserted Villarreal, Jackson, and the Trust committed trespass and criminal damage when Jackson cut through a locked gate and entered the 12th Street property.

¶4          While Villarreal, Jackson, and the Trust answered Best's complaint and denied the allegations, Foresight did not answer the

complaint. Accordingly, the superior court entered a default judgment against Foresight.

¶5 Meanwhile, Best recorded a notice of lis pendens on the seven parcels Foresight allegedly previously owned. In response, Lucas Land filed a separate quiet title action against Best, seeking a court order to remove the notice of lis pendens. Lucas Land asserted it held good title to five of the properties ("the Lucas Land properties"). Upon Lucas Land's motion, the two cases were consolidated, and Lucas Land was added as a defendant to Best's complaint.

¶6 Thereafter, Best moved for summary judgment. Citing the default judgment against Foresight in this case, in which the superior court found Foresight had fraudulently transferred real property assets to appear insolvent, as well as Villarreal's alleged admission in his deposition that he transferred Foresight's assets to his other companies, Best argued he was entitled to judgment against the remaining defendants on all counts. Best also moved to amend the complaint to add more than a dozen defendants, asserting he discovered through various depositions that other individuals and entities were complicit in the "shell game" scheme to hide Foresight's assets and prevent his collection on the judgments.

¶7 Lucas Land, Villarreal, and the Trust cross-moved for summary judgment. Lucas Land argued that even if fraudulent transfers occurred, Best's fraudulent transfer claim was time-barred because he failed to bring it within four years of the alleged transfers or within one year "after the fraudulent nature of the transfer obligation could have been discovered by reasonable diligence." Joining in Lucas Land's contention, Villarreal and the Trust also asserted that: (1) Foresight never held title to either the 12th Street property or Parcel No. 113-26-023 ("the Villarreal property"), and therefore transfers of those properties could not substantiate Best's fraudulent transfer claim; and (2) Best never held title to the 12th Street property, and therefore lacked standing to maintain any claim for tortious interference with a business expectancy, trespass, or criminal damage concerning that property.

¶8 The superior court ruled on the motions without a hearing, finding, in relevant part: (1) the Defendants would be significantly prejudiced if Best amended his complaint to include 16 additional parties; (2) Best's preliminary approval from the Phoenix Planning Commission for subdivision plans including the 12th Street property conferred neither title nor its equivalence to Best; (3) Best presented no evidence of a sale contract with the actual owner of the 12th Street property; (4) even if Best obtained a

beneficial ownership interest in the 12th Street property, that interest was extinguished "upon the valid trustee's sale" of the 12th Street property, which occurred before the alleged trespass and criminal damage; (5) Best lacked standing to pursue claims to the 12th Street property; (6) Lucas Land obtained its properties in 2011 through a public auction and had no involvement with the 2007 transfers; (7) Best had constructive notice of the 2007 transfers when they were recorded; and (8) Best's claims regarding the 2007 transfers were time-barred. Based on these findings and conclusions, the court denied Best's motions for summary judgment and request to amend the complaint and granted summary judgment in favor of the Defendants.

¶9        In a signed judgment, the superior court confirmed its findings and conclusions, dismissed the complaint with prejudice, ordered that the notice of lis pendens be declared void, entered judgment in favor of Lucas Land in the amount of $5000, and awarded Villarreal, the Trust, and Lucas Land attorney fees and costs. Best timely appealed.[1]

---

[1]    In parallel litigation, the Trust filed a forcible entry and detainer ("FED") action against Best and his girlfriend, Linda Lynaugh, predicated on its acquisition of a trustee's deed for the 12th Street property and their refusal to surrender possession of that property upon request. *12th Street Property Trust v. Lynaugh*, 2019 WL 1076220, 1 CA-CV 17-0183 at ¶¶ 2-3 (Ariz. App. March 7, 2019) (the "Lynaugh FED case") (App. 2019)(mem. decision). Although Lynaugh asserted the trustee's deed upon sale was invalid, a fraud, and "a sham," the superior court found Best and Lynaugh guilty of forcible detainer and awarded the Trust possession of the 12th Street property. *Id*. at ¶¶ 3, 7. On appeal, this court upheld the FED judgment. *Id.* at ¶ 15. In another separate action, Lynaugh sued the Trust to void the trustee's sale, alleging the Trust committed fraud and the trustee's sale was illegal. *Lynaugh v. 12th Street Trust*, 2019 WL 1929962, 1 CA-CV 18-0375 at ¶ 1 (the "Lynaugh Title case")(App. 2019) (mem. decision). The superior court entered summary judgment in favor of the Trust, finding: (1) Lynaugh waived any title claim by not obtaining injunctive relief before the trustee's sale; (2) even if the Trust concealed its relationship to another entity, such relationship did not cause Lynaugh's default; and (3) the default judgment against Foresight in the case at issue had no "preclusive effect or precedential value" in the Lynaugh Title case. *Id*. at ¶ 3. On appeal, we affirmed the superior court's rulings. *Id.* at ¶¶ 5-11.

**DISCUSSION**

## I.        Standing

¶10        As a threshold issue, Best contends that both Lucas Land and the Trust lacked standing to defend against the complaint. According to Best, Lucas Land transferred the Lucas Land properties to another entity two months after Best filed the complaint at issue, and therefore had "no ownership claims or rights" to defend. Best also argues the Trust is a fictitious alter ego "used by Foresight to . . . aid in the fraudulent transfers" and that the trustee's deed for the 12th Street property is a "sham document," resulting in the Trust having no claims or rights to defend either.

¶11        Whether a party has standing is an issue of law we review de novo. *City of Tucson v. Pima Cty.*, 199 Ariz. 509, 514, ¶ 10 (App. 2001). We invoke the doctrine of standing to ensure that issues are fully developed and that a case is not moot. *City of Tucson v. Woods*, 191 Ariz. 523, 526 (1997). To have standing, a party must have a "direct stake" in the outcome of the case. *Id.*

¶12        Here, Lucas Land and the Trust are defendants alleged to have committed fraudulent transfers, interfered with a business expectancy, and trespassed/caused criminal damage. If Lucas Land and the Trust were improperly named as defendants, Best could have moved to dismiss them from the matter. He failed to do so, leaving the parties with a "direct stake" in the outcome of the case. Therefore, Lucas Land and the Trust have standing to defend against the allegations brought against them.

## II.        Alleged Discovery Violations

¶13        Best contends the Defendants failed to comply with their disclosure obligations, asserting the alleged discovery violations should have precluded summary judgment. He also argues the superior court improperly denied his request to postpone a ruling on the Defendants' motions for summary judgment until he could conduct further discovery necessary to oppose the motions.

¶14        Throughout the litigation, Best petitioned the superior court for an order to compel discovery and impose sanctions. In his first motion, Best asserted the Defendants failed to disclose any evidence, notwithstanding that they were jointly served with the complaint and a request to produce documents. Villarreal and the Trust responded that Best had failed to meet and confer as required, and the superior court summarily

denied Best's motion. In his second motion to compel and impose sanctions, Best reasserted that the Defendants had failed to comply with their "affirmative duty to produce documents." Without an express ruling, the court implicitly denied Best's second motion. *See Pearson v. Pearson*, 190 Ariz. 231, 237 (App. 1997) (explaining the failure to rule on a motion constitutes an implicit denial of the motion). In his third motion to compel, Best alleged the Defendants had both failed to comply with his request to produce documents and refused to submit to depositions. In response, Villarreal and the Trust stated they had disclosed all relevant documents in their initial disclosure statement, while also noting that Best had access to all relevant documents as part of the parallel Lynaugh litigation. Addressing the requested depositions, Villarreal and the Trust explained that Best did not ask about the availability of the parties and instead issued deposition notices. Unable to attend the unilaterally scheduled depositions, defense counsel contacted Best and asked to schedule mutually agreeable deposition dates.

¶15 After considering the arguments advanced by the parties, the superior court made "the following observations": (1) Best mistakenly believed he had proven his "conspiracy theory" against the Defendants because he obtained a default judgment against Foresight, (2) the Defendants could not "produce documents that they d[id] not have," (3) Best needed to "be more specific" in his requests for documents, (4) Best had a right to depose the Defendants but could not unilaterally schedule depositions, and (5) counsel was not required to submit to depositions absent a court finding of necessity. Based on these findings, the court denied Best's motion to compel discovery and impose sanctions, but ordered Villarreal and the Trust to: (1) "make their best efforts" to comply with discovery requests; and (2) produce a copy of the bid money check or purchase money check used to acquire the 12th Street property, or submit a signed affidavit stating that the documents did not exist.

¶16 After that ruling, Best moved for a finding of contempt, asserting Villarreal and the Trust had failed to comply with the superior court's order. Rather than produce documents or an affidavit, Villarreal and the Trust responded to the court order by: (1) disclosing that the Trust was not the successful bidder at the 12th Street property trustee's sale; (2) explaining that the Trust had obtained an assignment of the successful bidder's interest; and (3) stating that all "bid" checks related to the 12th Street property trustee's sale had been disclosed to Best during other, related cases. The superior court denied Best's motion, finding Villarreal and the Trust had "substantially complied" with its order by explaining

why they had not produced the documents and where they could be obtained.

**¶17** On the day discovery was scheduled to close, Best moved to extend the time for discovery pursuant to Arizona Rule of Civil Procedure ("Rule") 56(d). He asserted he needed to conduct further discovery after Villarreal and the Trust attached an allegedly undisclosed deed of trust to their motion for summary judgment. After holding a hearing on the motion, the superior court denied Best's request. However, the court ordered that Best could conduct a previously ordered deposition, even though the deposition deadline had passed.

**¶18** We review a superior court's rulings on general discovery and disclosure issues for an abuse of discretion. *State v. Mahoney in and for Cty. of Maricopa*, 246 Ariz. 493, 495, ¶ 7 (App. 2019). Likewise, we review the denial of a Rule 56(d) request for an abuse of discretion. *Cruz v. City of Tucson*, 243 Ariz. 69, 75, ¶ 24 (App. 2017).

**¶19** In his first and second motions to compel, Best failed to identify any documents or items that had not been disclosed. Instead, he broadly alleged the Defendants had failed to comply with his discovery requests. In his third motion to compel, Best alleged the Defendants had: (1) refused to attend the depositions he unilaterally scheduled, and (2) failed to produce either a check or other account transfer information that documented their acquisition of the 12th Street property. On this record, we cannot say the superior court abused its discretion by denying Best's first and second motions to compel, which lacked specificity. Although denying the third motion to compel, finding Best needed to meet and confer rather than unilaterally scheduling depositions, the superior court nonetheless ordered the Defendants to disclose the only evidence specified in the motion—either a check or other account document reflecting the funds used to acquire the 12th Street property. While the Defendants did not produce such documentation in response to the court order, they explained they did not have the evidence. They also noted that Best had already received the requested documents in separate but related litigation. The record supports the superior court's finding that this response substantially complied with the order.

**¶20** To obtain relief under Rule 56(d), the moving party must submit an affidavit establishing: (1) the subject evidence that is unavailable or otherwise beyond the party's control, (2) the location of the evidence, (3) what the party believes the evidence will reveal, (4) the methods used to obtain it, and (5) an estimate of the amount of time the additional discovery

will require. Ariz. R. Civ. P. 56(d)(1)(A); *Lewis v. Oliver*, 178 Ariz. 330, 338 (App. 1993).

**¶21** In his request for Rule 56(d) relief, Best alleged Villarreal and the Trust had not previously disclosed the deeds of trust that they attached as exhibits to their motion for summary judgment, and requested 30 days to depose the "parties named on the documents or beneficiaries of the documents." In his accompanying signed affidavit, however, Best failed to identify what he believed the named parties and beneficiaries would reveal, or otherwise explain how the depositions would be relevant to overcome the Defendants' motions for summary judgment. Given the insufficiency of Best's affidavit, we cannot say the superior court abused its discretion by denying his motion for Rule 56(d) relief.

### III.   Alleged Attorney Misconduct

#### A.   Barry Becker

**¶22** Interwoven with his standing argument, Best asserts that Lucas Land's attorney, Barry Becker, violated the Arizona Rules of Professional Conduct, Ethical Rule ("ER") 3.7, which should have resulted in his removal from the case and precluded summary judgment. Specifically, Best contends Becker filed the Lucas Land quiet title action without a client verification and personally signed Lucas Land's answer, disclosure statement, settlement conference memorandum, and motion for summary judgment, thereby creating an "advocate-witness conflict."

**¶23** While the parties fully briefed their respective motions for summary judgment, Best moved to disqualify Becker, asserting he needed to depose Becker to obtain "information about Lucas Land's documents and pleadings." In response, Lucas Land denied that Becker was a necessary witness in the case, explaining it had disclosed Benjamin Urquhart as the Lucas Land representative "having relevant knowledge."

**¶24** In denying Best's motion to disqualify Becker, the superior court found: (1) Best had failed to demonstrate that Becker was a necessary witness; (2) it had already ordered the deposition of Lucas Land's representative, Urquhart; and (3) the Defendants were entitled to summary judgment, rendering the advocate-witness issue moot.

**¶25** We review a superior court's ruling upon a motion to disqualify counsel for an abuse of discretion. *Burch & Cracchiolo, P.A. v. Myers*, 237 Ariz. 369, 374, ¶ 14 (App. 2015). Under ER 3.7, a lawyer may not act as an advocate at a trial in which the lawyer is likely to be a necessary

witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. In applying this rule, courts must protect a litigant's right to counsel of choice while also recognizing that a party may be prejudiced when opposing counsel serves in a dual capacity as advocate and witness. *Security Gen. Life Ins. Co. v. Super. Ct.*, 149 Ariz. 332, 335 (1986).

¶26      To prevent abusive disqualification practices, courts must scrutinize the facts when a party calls adverse counsel as a witness. *Id.* Simply put, a "party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Id.* Instead, a motion for disqualification predicated on ER 3.7 must show that: (1) "the attorney will give evidence material to the determination of the issues being litigated," and (2) the evidence is "unobtainable elsewhere." *Id.* (quoting *Cottonwood Estates v. Paradise Builders*, 128 Ariz. 99, 105 (1981)).

¶27      Even assuming that Becker's testimony would be relevant and material, Best has not shown that the evidence could not be obtained from another witness. Lucas Land identified Urquhart as its representative with knowledge relevant to this case, and the superior court ordered his deposition. Yet, Best failed to depose Urquhart and instead declared he needed to depose Becker. Furthermore, consistent with the court's findings, and as explained more fully below, *infra* ¶¶ 40-45, Lucas Land was entitled to summary judgment. Therefore, Best's claim that Becker was a necessary trial witness was rendered moot.

### B.      Kyle Kinney

¶28      In the same vein, Best argues Villarreal and the Trust's attorney, Kyle Kinney, violated his duty of candor and defrauded the superior court by assisting in his clients' "cover-up." According to Best, the trustee's deed for the 12th Street property, produced by Villarreal and the Trust, is a "sham document" that Kinney propounded to the court. Best also asserts that Kinney stonewalled discovery, refusing to disclose multiple deeds of trust and a trustee deed until attaching those documents to his clients' cross-motion for summary judgment.

¶29      On the heels of his motion to disqualify Becker, Best petitioned the court to discipline Kinney, claiming the attorney had created two "fake stories" and a "bogus" trustee's deed to conceal the fraudulent nature of his clients' ownership claim to the 12th Street property. In

response, Villarreal and the Trust acknowledged that Kinney mistakenly represented, earlier in the litigation, that the Trust was the successful bidder at a trustee's sale on the 12th Street property. But, Kinney "corrected" that mistake and explained the Trust had "received an assignment" of the successful bidder's interest. In denying Best's motion to sanction Kinney, the superior court expressly adopted the Defendants' arguments.

**¶30** We review a superior court's ruling on a request for sanctions for an abuse of discretion. *Roberts v. City of Phoenix*, 225 Ariz. 112, 123, ¶ 45 (App. 2010). Under ER 3.3(a), and as relevant here, a lawyer shall not knowingly: (1) "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer," or (2) "offer evidence that the lawyer knows to be false."

**¶31** First, Best alleges that Kinney refused to comply with his disclosure obligations. As discussed, *supra* ¶¶ 13-21, the superior court did not abuse its discretion by finding Kinney substantially complied with the discovery rules and the court's order to produce, and Best has failed to identify any relevant information he was likely to obtain through additional discovery. Second, Best alleges Kinney defrauded the superior court by submitting a "bogus" trustee's deed upon sale and asserting that the Trust validly obtained title to the 12th Street property. Because the validity of the trustee's sale and the trustee's deed upon sale was litigated in the Lynaugh Title case, the issue may not be relitigated as part of this appeal. *See Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 6 (App. 2013) (explaining the "doctrine of claim preclusion, or res judicata, bars a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action") (internal quotation omitted). Moreover, while Kinney initially represented that the Trust was the highest bidder at the 12th Street property trustee's sale, he corrected that inaccuracy by subsequently explaining the Trust took assignment of title to the 12th Street property from the highest bidder. Given Kinney's correction of his misstatement, in compliance with his obligations under ER 3.3(a)(1), the superior court acted within its discretion by declining to impose sanctions against him.

## IV. Denial of Motion for Leave to Amend

**¶32** Best contends the superior court improperly denied his request to file an amended complaint. As a general rule, amendments should be liberally permitted absent a finding of undue delay, dilatory

motive, undue prejudice, or futility in the amendment. Ariz. R. Civ. P. 15(a)(2) ("Leave to amend must be freely given when justice requires."); *Bishop v. State Dep't of Corr.*, 172 Ariz. 472, 474–75 (App. 1992); *Owen v. Super. Ct.*, 133 Ariz. 75, 79 (1982); *see also Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, ¶ 26 (App. 1999) (explaining the superior court should grant a non-moving party the opportunity to amend a complaint "if such an amendment cures its defects").

**¶33** Although the superior court has the discretion to deny a motion to amend, we review de novo whether a request to amend is futile. *See Bishop*, 172 Ariz. at 474; *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010). In considering futility, we presume as true all well-pled factual allegations set forth in the proposed amendments. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

**¶34** In this case, Best brought claims of fraudulent transfer, tortious interference with a business expectancy, and trespass/criminal damages—each predicated on either Foresight's or Best's ownership interest in the Lucas Land, Villarreal, and 12th Street properties. To survive the Defendants' motions for summary judgment, Best needed to allege specific facts that, if true, proved he: (1) brought a timely claim for the fraudulent transfer of property owned by Foresight (Count 1), or (2) had an ownership interest in the 12th Street property (Counts 2 and 3).

**¶35** In denying Best's motion for leave to amend, the superior court did not address whether the proposed amendments were futile, instead finding only that granting the motion, which was filed more than 18 months after the original complaint and following Best's motion for summary judgment, would cause both undue delay and prejudice. Without question, the introduction of 16 new defendants at that stage of the proceedings would have caused considerable delay and prejudice. *See Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015) (holding undue prejudice for purposes of denying leave to amend can be found in "the inconvenience and delay suffered when the amendment . . . inserts new parties into the litigation") (internal quotation omitted). In addition, we conclude the superior court did not abuse its discretion by denying Best's motion because, as discussed below, *infra* ¶¶ 36-43, the proposed amendments alleged only that additional individuals and entities conspired to hide and transfer Foresight's assets, failing to overcome the uncontroverted evidence that: (1) Foresight never held an ownership interest in either the Villarreal or 12th Street properties, (2) Best's fraudulent transfer claim regarding the Lucas Land properties is time-barred, and (3) Best had no ownership interest in the 12th Street property. In other words,

because the Defendants would have been entitled to summary judgment even if Best had filed the amended complaint, the amendments were futile. *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986) ("We will affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court.").

## V.     Rulings on Cross-Motions for Summary Judgment

**¶36**          Best contends he presented sufficient evidence to overcome the Defendants' motions for summary judgment and secure summary judgment in his favor. On appeal from summary judgment, we view the facts and the reasonable inferences to be drawn from those facts in the light most favorable to the non-moving party. *Normandin v. Encanto Adventures, LLC,* 246 Ariz. 458, 460, ¶ 9 (2019). We determine de novo whether the superior court correctly applied the law and whether any genuine issues of material fact exist. *Diaz v. Phoenix Lubrication Service, Inc.*, 224 Ariz. 335, 338, ¶ 10 (App. 2010); *see also* Ariz. R. Civ. P. 56(a) ("The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."). When no evidence exists to support an essential element of a claim, summary judgment is appropriate. *Rice v. Brakel*, 233 Ariz. 140, 143, ¶ 6 (App. 2013).

**¶37**          Without referencing the elements of any of his claims, relevant authority, or the basis of the superior court's rulings, Best summarily argues he was entitled to summary judgment or, at a minimum, that the Defendants' motions for summary judgment should have been denied. He has therefore waived any argument against the court's summary judgment rulings. Ariz. R. Civ. App. 13(a)(6) ("An argument . . . shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."); *Rice*, 233 Ariz. at 147, ¶ 28. Nonetheless, even considering the merits, Best's contentions are unfounded.

### A.     Fraudulent Transfer

**¶38**          As alleged in the complaint, Best claims the Defendants fraudulently transferred Foresight's real property assets to thwart his collection on the 2011 and 2012 default judgments. Under A.R.S. § 44-1004(A), a debtor's transfer of assets, whether before or after a creditor's claim arose, is fraudulent if made: (1) with the intent to defraud the creditor, and (2) without receiving a reasonably equivalent value in exchange.

¶39         As a factual predicate to fraudulent transfer claim, Best had to prove that Foresight previously owned the real property at issue. Early in the litigation, Villarreal and the Trust demanded that Best release the notice of lis pendens concerning the 12th Street and Villarreal properties, declaring that Foresight never held title to either property and therefore the transfer of the properties could not substantiate Best's fraudulent transfer claim. Noting that Best is a licensed real estate broker, Villarreal and the Trust also pointed out that Best had "access to all relevant title information," implying that Best knew or should have known that Foresight never owned the properties. Likewise, in their initial disclosure statement, Villarreal and the Trust maintained that Foresight had never owned the 12th Street or Villarreal properties, though acknowledging it had, at one time, owned the Lucas Land properties before losing them through a tax sale.

¶40         Nonetheless, in his motion for summary judgment, Best alleged that Foresight had previously owned the 12th Street and Villarreal properties. As support for this contention, Best cited only his complaint allegations. Absent evidence demonstrating that Foresight previously owned the properties, the superior court properly found the Defendants were entitled to judgment as a matter of law on the fraudulent transfer claim concerning the 12th Street and Villarreal properties.[2]

¶41         Turning to the Lucas Land properties, it is uncontroverted that Foresight transferred the parcels to Villarreal and Urquhart in April 2007 through a publicly recorded warranty deed. By its express terms, the warranty deed reflects that the transfer did not have consideration.

¶42         Under A.R.S. § 44-1009, a claim for relief based on an alleged fraudulent transfer is extinguished unless an action is brought "within four years after the transfer was made . . . or, if later, within one year after the fraudulent nature of the transfer . . . was or through the exercise of reasonable diligence could have been discovered by the claimant." Because the recording of a deed "shall be notice to all persons of the existence" of the deed, the warranty deed provided constructive notice to Best that Foresight had transferred the Lucas Land parcels for no consideration. Based on these uncontroverted facts, Best's fraudulent transfer claim expired in April 2011, four years after the recorded transfer. Furthermore, even if we determined that Best could not, through reasonable diligence,

_____

[2]    On appeal, Best also cites the default judgment against Foresight to substantiate this claim, but the findings from the default judgment are not binding on the remaining Defendants.

have known of the transfer until he secured the default money judgments against Foresight in 2011 and 2012, his fraudulent transfer claim expired one year later, in April 2013, long before he filed the underlying complaint in January 2017. Therefore, the superior court properly found the Defendants were entitled to judgment as a matter of law on the fraudulent transfer claim for the Lucas Land properties as well.

**B.     Tortious Interference with a Business Expectancy and Trespass/Criminal Damage**

**¶43**     While the fraudulent transfer claim required proof that Foresight previously owned the parcels at issue, the tortious interference and trespass/criminal damage claims required proof that Best had an ownership interest in the 12th Street property. To the extent Best attempts to invoke Lynaugh's former interest in the property to challenge the validity of the trustee's sale and the trustee's deed upon sale, the claim was fully litigated in the Lynaugh Title case, and Best is precluded from relitigating the issue as part of this appeal. *See Tumacacori Mission Land Dev.*, 231 Ariz. at 519, ¶ 6. On the other hand, to the extent Best contends he acquired a beneficial ownership interest in the 12th Street property when the City of Phoenix approved his development plans, he cites no authority for such a proposition, and our research reveals none. Therefore, absent evidence of an ownership interest, Best has no standing to pursue tortious interference with a business expectancy, trespass, or criminal damage claims for the 12th Street property, and the superior court properly granted the Defendants' summary judgment on all claims.

**CONCLUSION**

**¶44**     For the foregoing reasons, we affirm. The Defendants request their costs and attorney fees on appeal pursuant to A.R.S. § 12-349. In our discretion, we grant the Defendants their reasonable attorneys' fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA

14