NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

VISTA DE OESTE CONDOMINIUMS UNIT TWO ASSOCIATION, INC.,
*Plaintiff/Appellant*,

*v.*

JOSEPH A. LOPEZ, *Defendant/Appellee*.

No. 1 CA-CV 22-0747
FILED 8-17-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2022-091329
The Honorable Stephen M. Hopkins, Judge, *Retired*

**AFFIRMED**

---

COUNSEL

Maxwell & Morgan, P.C., Mesa
By Garren R. Laymon, W. William Nikolaus
*Counsel for Plaintiff/Appellant*

McKeddie Cooley, G.P., Scottsdale
By Melanie C. McKeddie, Justin R. Cooley
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Cynthia J. Bailey joined.

**F U R U Y A**, Judge:

¶1            Vista de Oeste Condominiums Unit Two Association, Inc. ("Vista") appeals the superior court's order granting Joseph Lopez's motion to dismiss its complaint for failure to state a claim upon which relief can be granted. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Vista is an association made up of condominium unit owners. It maintains and improves the condominium's common areas and pays pertinent insurance premiums. To fund its budget, Vista levies monthly assessments and an occasional special assessment on each unit owner.

¶3            Lopez owns a unit in the condominium and has been delinquent on assessment payments for multiple years. In 2015, because of his failure to pay assessments timely, he stipulated to a judgment with Vista for $6,981.19, representing amounts due through May 2015: $5,295.30 in principal with 12% interest per annum, $1,500 in attorneys' fees, and $185.89 in costs. To satisfy the judgment, Lopez was to pay $300 monthly, plus $15 for any applicable late fees. The judgment further permitted Vista to "apply payments as it sees fit to any amount outstanding and without regard to any statute otherwise directing application of payments."

¶4            Following entry of the judgment in 2015, Vista continued to levy monthly assessments on Lopez, as well as a special assessment of $4,467 in 2017. He made most of the monthly $300 payments through May 2021, and a few payments after, but was still behind on his payments by March 2022.

¶5            In March 2022, Vista filed an action in the superior court to foreclose its lien on Lopez's condominium, alleging he owed a principal balance of $7,837.17. The amount allegedly included "both amounts awarded in an earlier justice court judgment," and other amounts "including attorney fees and costs." It also requested award of prejudgment interest at 12% per annum, new assessments of $2,160 beginning in 2023,

monthly late fees of $15, and various other fees including $300 for a title search for this action.

**¶6**        Over the next few months Lopez made payments totaling $5,575.69 and alleged these payments brought his outstanding balance down to $600. Initially, Vista did not deny Lopez's claim about the outstanding balance.

**¶7**        Lopez moved to dismiss Vista's complaint in August 2022, which the superior court granted, finding Vista could not foreclose on Lopez's condominium when it had obtained a money judgment for his failure to pay assessments. It also found Vista's claim was untimely under Arizona Revised Statutes ("A.R.S.") § 33-1256(F). Lopez attached exhibits reflecting his $600 balance to his motion to dismiss, but the court did not cite the balance or any of the attached exhibits in its ruling.

**¶8**        Vista moved for reconsideration. As alternative relief, Vista's motion requested, for the first time, that the court grant it leave to file an amended complaint. It attached exhibits reflecting Lopez's outstanding assessment balance of $1,685.75 in March 2022, and an overall account balance of $2,396.83 in July 2022 that included "accelerated assessments" and other fees. The court denied the motion, explaining any amendment would not have cured Vista's deficient complaint, and stating "[a]ny claim for unpaid assessment post [2015] Justice Court Judgment is a new matter not plead by [Vista]." The court further reasoned it would not have jurisdiction over a claim for the post-2015 assessments because of the claim's low dollar amount and explained it also denied Vista leave to amend because Vista requested leave to amend only after the complaint had been dismissed. The court then awarded Lopez $5,823.46 in attorneys' fees and $310.96 in costs under the covenants, conditions, and restrictions governing the parties' relationship.

**¶9**        Vista timely appealed and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A) and -2101(A)(1).

## DISCUSSION

I.        **The Court Properly Dismissed Vista's Complaint for Failure to State a Claim Upon Which Relief Could be Granted.**

**¶10**        We review an order dismissing a complaint for failure to state a claim de novo, assuming the truth of all well-pleaded facts alleged in the complaint. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012); *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998). To prevail on a motion to

dismiss for failure to state a claim, the moving party must establish the claimant would not be entitled to relief under any set of facts susceptible of proof. *Fidelity Sec. Life Ins. Co.*, 191 Ariz. at 224 ¶ 4.

¶11        Arizona follows a notice pleading standard, which "give[s] the opponent fair notice of the nature and basis of the claim." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 6 (2008) (citation omitted); Arizona Rules of Civil Procedure ("Rule") 8. "[A] complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8." *Cullen*, 218 Ariz. at 419 ¶ 7; *see also Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389 ¶ 4 (App. 2005) ("[W]e do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts.") (citing *Shannon v. Butler Homes*, 102 Ariz. 312, 315 (1967)).

¶12        A condominium association obtains "a lien on a unit" when an "assessment levied against that unit . . . becomes due." A.R.S. § 33-1256(A). For the association to foreclose on that lien, the unit owner must have "been delinquent in the payment of monies secured by the lien, *excluding reasonable collection fees, reasonable attorney fees and charges for late payment of and costs incurred with respect to those assessments*, for a period of one year or in the amount of $1,200 or more," as of the date the action commences. *Id.* (emphasis added). An "association's lien for monies other than for assessments, for charges for late payment of those assessments, for reasonable collection fees and for reasonable attorney fees and costs incurred with respect to those assessments may not be foreclosed." *Id.* And an association must, regardless of "any provision in the condominium documents . . . unless the unit owner directs otherwise," apply payments first to unpaid assessments, then late fees, then reasonable collection fees and reasonable attorneys' fees and costs, and last to other related charges. A.R.S. § 33-1256(J). Further, an association must commence proceedings to enforce a lien for an unpaid assessment "within six years after the full amount of the assessments becomes due." A.R.S. § 33-1256(F).

¶13        Here, Vista's complaint alleges it may foreclose its lien on Lopez's condominium under A.R.S. § 33-1256 and the covenants, conditions, and restrictions governing Vista and Lopez's relationship. The complaint states Lopez owed a principal balance of $7,837.17, including "both amounts awarded in an earlier justice court judgment," and other amounts "including attorney fees and costs." But Vista's complaint does not allege that Lopez has been delinquent in payment on *assessments* levied

within six years before the filing of the complaint, "for a period of one year or in the amount of $1,200 or more." A.R.S. § 33-1256(A). Nor does Vista's complaint account for how it arrived at the alleged principal balance or specify the amounts attributed to, for example, principal, interest, attorneys' fees, or late fees.

¶14　　　　The parties dispute whether the election of remedies doctrine precludes Vista from foreclosing on the amounts Lopez owed which were included in the 2015 judgment. However, we need not reach this issue because the plain language of A.R.S. § 33-1256(F) provides for a six-year statute of limitations to foreclose on a lien for unpaid assessments. Thus, no portion of the alleged $7,837.17 balance attributable to the 2015 judgment can support this foreclosure action, which was commenced over six years later in 2022.

¶15　　　　Further, the plain language of A.R.S. § 33-1256(A) prohibits associations from foreclosing on a condominium because of its owner's failure to pay late fees, collection fees, or attorneys' fees and costs. Per Vista's complaint, the amount alleged as the basis for foreclosure is composed, at least in part, of "attorney fees and costs." This allegation makes sense, given A.R.S. § 33-1256(J)'s requirement that associations apply payments first towards unpaid assessments and late fees. But amounts such as attorneys' fees and collection fees cannot constitute a basis for foreclosure under A.R.S. § 33-1256.

¶16　　　　Vista's complaint does not establish what amount, if any, Lopez owed for unpaid assessments levied within six years before it was filed. Accordingly, the court properly dismissed Vista's complaint for failure to state a claim upon which relief can be granted.

¶17　　　　Vista also argues the court improperly relied on Lopez's exhibit, which shows he reduced his outstanding balance to $600, thereby converting the motion to dismiss to a motion for summary judgment without permitting Vista to provide exhibits. *See* Rule 12(d). However, the court's ruling does not indicate it relied on Lopez's exhibits. Instead, the court focuses on the complaint's failure to allege assessment installments upon which Vista could properly foreclose. *See* A.R.S. § 33-1256(A). Similarly, Vista's own attachment to its motion for reconsideration—purporting to show Lopez had an assessment balance of $1,687.75 in March 2022—does not save the complaint because Vista did not allege this amount in its complaint.

¶18　　　　Accordingly, the court properly dismissed Vista's complaint.

## II.    The Court did not Err in Denying Vista's Request for Leave to Amend its Complaint.

¶19        We review an order denying a request to amend a complaint for an abuse of discretion. *Bishop v. State, Dep't of Corr.*, 172 Ariz. 472, 474 (App. 1992). The court does not abuse its discretion by denying leave to amend "if it finds undue delay in the request, bad faith or a dilatory motive on the part of the movant, undue prejudice to the opposing party as a result of the amendment, or futility in the amendment." *Id.* at 474–75; *see also Gulf Homes, Inc. v. Goubeaux*, 136 Ariz. 33, 38 (1983) ("Denial of a motion to amend is not an abuse of discretion [if] there has been undue delay in seeking the amendment.").

¶20        Here, Vista did not request leave to amend until after the court dismissed its complaint. In its motion for reconsideration—filed nearly seven months after its original complaint—Vista asked the court to either reconsider its dismissal ruling or grant it leave to amend the complaint.

¶21        The court found Vista's request for leave to amend was untimely, dilatory, and futile. The court explained that rather than requesting leave to amend in its response to Lopez's motion to dismiss, Vista "elected to take the uber-aggressive tac[k] of demanding an interim award of attorney fees based upon [Lopez] taking his (ultimately successful) position that the Complaint must be dismissed." We perceive no error in this ruling. Vista could have requested leave to amend in its response to Lopez's motion. It did not. The court did not abuse its discretion by finding Vista's delay was dilatory or untimely. *See Bishop*, 172 Ariz. at 474–75. Further, given Lopez's payments after Vista filed its complaint and the court's intervening dismissal, any amendment of the complaint would have been futile. Associations are required to apply payments first to assessments. A.R.S. § 33-1256(J). Therefore, though late, Lopez's payments were more than enough to satisfy the $1,687.75 assessment balance alleged in the motion for reconsideration, depriving Vista of any basis to pursue foreclosure.

¶22        Thus, the court did not err in denying Vista leave to amend its complaint.

## CONCLUSION

**¶23**      We affirm.

**¶24**      As the prevailing party on appeal, we award Lopez his taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. The parties agree the prevailing party is entitled to reasonable attorneys' fees under their governing covenants, conditions, and restrictions. Therefore, we also award Lopez his reasonable attorneys' fees under those governing documents and A.R.S. § 12-341.01.



AMY M. WOOD • Clerk of the Court
FILED:   AA