[Civil No. 3056. Filed November 16, 1931.]

[4 Pac. (2d) 903.]

# PHILIP T. SCHNEIDER, Appellant, v. JOSEPH McALEER, Doing Business Under the Firm Name and Style of McALEER MOTOR COMPANY, Appellee.

Mr. Thomas P. Walton, for Appellant.

Messrs. Stockton & Perry and Mr. E. G. Frazier, for Appellee.

ROSS, J.—The plaintiff Schneider brought this action in two counts to recover damages for injuries to himself and also to his automobile, sustained, as he alleges, in a collision of his car with that of defendant on August 19, 1929, on the streets of Phoenix, through the careless and negligent operation of defendant's car.

The case was tried to a jury, and, when plaintiff had closed his case, defendant moved for a directed verdict on the ground that it was not shown that the driver of defendant's car, when the accident occurred, was his agent engaged in the performance of any duty owing the defendant. This motion was granted, and plaintiff has appealed.

The plaintiff's testimony at the time the motion was granted was substantially as follows: A number of women flyers, in an air derby from Los Angeles to New York, were expected to arrive during the morning of August 19, 1929, at the airport at Twenty-Fourth Street and Henshaw Road, some two miles southeast of the heart of the city of Phoenix. Defendant, who was in the business of selling Hupmobile automobiles, had taken from his place of business, at Fillmore Street and North Central Avenue, some eight or nine new cars, and parked them together at or near the landing field, preparatory to transporting the derby flyers from the field to Phoenix on their arrival.

That morning a Mrs. Ashbrook, a Mrs. Lindholm, and Mrs. Ruth Miller obtained a sedan at defendant's place of business, and in it went to the landing field, Mrs. Ashbrook doing the driving. When they ar-

rived, defendant's manager directed them to park their car along with the other Hupmobiles. Mrs. Miller then said to such manager, "We are here to take the flyers," and the manager said, "We will give you instructions later on what to do," adding that the flyers were late. The three women remained together, in or near the car they had gone out in, for about fifteen minutes, when defendant's manager approached them saying the flyers were an hour and a half late, and that they should make themselves comfortable. Ruth Miller then asked the manager if she might take the machine she was supposed to have and go to town to the cleaners with some dresses she wanted cleaned, and he said she might take it in case she would be sure to be back in time for the arrival of the flyers. She thereupon took a sedan parked next to the one the women had used to go to the landing field. She drove to defendant's place of business, in front of which she had earlier left her car, and took from her car two dresses, drove thence to the cleaners on Seventh Avenue, left the dresses, and started back towards the airport. When she came to the intersection of McKinley Street, on which she was driving in an easterly direction, and Third Avenue, her car collided with plaintiff's.

This was all the evidence of agency. The question is, Does it show that Ruth Miller was at the time of the accident driving the car for defendant in his business, or was she engaged in something that concerned herself alone? Or, stated otherwise, Was she an employee at the time doing something for defendant, or a mere bailee?

Appellant contends the above facts establish the relation of employer and employee between defendant and Mrs. Miller. We think it may fairly be inferred from the evidence that Mrs. Miller was expected to drive one of defendant's cars, with a flyer or flyers

as guests, from the landing field to Phoenix, in which case her engagement would commence after the arrival of the flyers and not before. Granting that the evidence shows that she was engaged for that purpose, until she entered upon the performance of that employment there was no contractual relation between her and defendant. The evidence does not show that Mrs. Miller was at the airport upon invitation or request of defendant, or that he had ever prior to her arrival on the ground at the airport arranged with her to drive one of his cars on that occasion. At most it shows, and this is by inference only, that if and when the flyers arrived he would give her a car to drive to Phoenix. When, therefore, Mrs. Miller borrowed the car to go and get her clothing and take it to the cleaners, she was not an employee of defendant. If she was not an employee before and when she left the airport with defendant's car, she was not an employee after she had completed her personal errand and started back to the airport. Her employment was not to commence until after the flyers arrived at the airport.

Those cases cited by appellant, like *McKiernan* v. *Lehmaier*, 85 Conn. 111, 81 Atl. 969, *Carrier* v. *Donovan*, 88 Conn. 37, 89 Atl. 894, *Graham* v. *Henderson*, 254 Pa. 137, 98 Atl. 870, and *Goff* v. *Clarksburg Dairy Co.*, 86 W. Va. 237, 103 S. E. 58, holding that, where permission has been given by the master to the servant to use his automobile for the latter's pleasure or business, with directions or instructions that, as soon as the servant has accomplished his purpose, he should return with the car to the master to resume his employment, and that on such return trip he is engaged in his master's business, have no application here.

The relation of master and servant, or of employer and employee, was not established by the evidence.

It does show the relation of bailor and bailee. The car was loaned to Mrs. Miller to go on an errand for her sole benefit, and while she had it in her possession, and before her errand was completed, the accident occurred in which appellant and his car were damaged. In such circumstances, the law is well stated in 42 Corpus Juris, 1116, § 873, to be:

"Except as liability may be imposed by statute or the owner may have been guilty of personal negligence, as where he has knowingly intrusted his vehicle to an incompetent driver, the owner is not liable for the negligence of a hirer or borrower to whom he has relinquished control over the vehicle, and who is using it exclusively for his own purposes."

To this statement are cited many cases that support it. As is said in *Luckie* v. *Diamond Coal Co.*, 41 Cal. App. 468, 183 Pac. 178, 184:

" . . . The doctrine of *respondeat superior* applies only where the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged with the result of the wrong, at the time and in respect to the very transaction out of which the injury arises."

See, also, *Fisher* v. *Fletcher*, 191 Ind. 529, 133 N. E. 834, 22 A. L. R. 1392, and annotation *b* at page 1400.

Appellant offered in support of Mrs. Miller's agency and the extent of her employment the complaint, answer, and judgment in another case, growing out of the same accident, asserting they were competent as admissions against interest. The court's ruling rejecting such offer is assigned as error. The only one of these papers that could possibly be construed as an admission against interest by defendant is the answer. This answer, after denying "each and every allegation in plaintiff's complaint," consented that a judgment might be entered against defendant for $1,500. This answer admitted nothing in

the complaint, but consented to a settlement of a controverted liability without trial.

The law encourages compromises, and ordinarily allows no evidence of them as admissions of liability or the extent thereof. If proof of an amicable settlement in another case, growing out of the same accident, may be used against a defendant, his compromise and settlement might be his undoing.

It seems to us that the ruling of the court, under the circumstances, rejecting the offered evidence, was proper.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.