564 P.2d 394

**Emma SEELY, Appellant,**

v.

**John H. McEVERS and Betty Lou McEvers, husband and wife, Appellees.**

**No. 2 CA–CIV 2201.**

Court of Appeals of Arizona, Division 2.

Feb. 4, 1977.

Rehearing Denied Feb. 28, 1977.

Review Denied March 29, 1977.

Ronald W. Sommer, Tucson, for appellant.

Lesher, Kimble, Rucker & Lindamood, P. C. by William Kimble and Robert O. Lesher, Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

Appellant brought suit for damages incurred when her car was struck from the rear by appellees' pickup truck. The jury found appellees liable and awarded $10,000 in damages. Judgment was entered November 25, 1975 in favor of appellant. However, the trial court ordered appellant to pay jury fees and all costs incurred by appellees since November 18, 1975, when appellees made an offer of judgment in the amount of $17,500. On appeal from the award of damages and imposition of costs, appellant raises two issues and requests an additur in the amount of at least $50,000 or in the alternative a new trial.

The accident out of which this litigation arose occurred on November 29, 1972. On May 3, 1973, appellant was involved in another rear-end collision. Prior to trial, appellant filed a motion in limine requesting the exclusion of evidence that she had negotiated and received a settlement arising out of the May 3 accident.[1] The motion was denied and at trial appellees introduced both the fact of settlement and the amount.

Appellant claims the trial court erred in allowing the introduction of the evidence of settlement, arguing that it is both irrelevant and privileged. She cites as authority *Schneider v. McAleer*, 39 Ariz. 190, 4 P.2d 903 (1931) where the court held that a plaintiff may not show as an admission of liability that a defendant has paid third persons on claims arising from the same accident. The court stated in that case:

"The law encourages compromises, and ordinarily allows no evidence of them as admissions of liability or the extent thereof." 39 Ariz. at 195, 4 P.2d at 904.

Appellant contends that the same policy reflected in *Schneider* mandates exclusion of the evidence of settlement here. We find, however, that countervailing considerations exist in the present case. Since appellant is entitled to recover only those damages proximately caused by the first accident the question arises as to what extent damages may have been incurred as a result of the subsequent accident. Here the evidence of settlement is relevant to the issue of proximate cause because the settlement of a claim arising from the second accident tends to indicate that appellant was then asserting she received some damage or injury. See *Redding v. Braddy*, 258 N.C. 154, 128 S.E.2d 147 (1962). Further, because appellant described the second accident in interrogatories as a "bump" and testified she received no injury, the evidence of settlement also bears on her credibility. See *Selgado v. Commercial Warehouse Co.*, 86 N.M. 633, 526 P.2d 430 (1974). We thus find that the evidence of settlement was proper for the jury to consider and hold it was relevant and admissible under the facts of this case.

Appellant made a motion in limine requesting that appellees be prohibited from mentioning or suggesting in any way that some or all of any recovery may not be subject to taxation. This motion was granted; however, the trial court ruled that appellees could ask appellant's expert witness if he used gross income or adjusted gross income in arriving at his computation of loss of earnings. Based on the court's ruling the following exchange took place during cross-examination of the expert witness:

"A. . . . After the accident of November I have assumed that she would have earned as a housekeeper up through 1980 a certain sum of money as a house-

---

1. The settlement was for $500 of which $363.80 was used to make repairs to appellant's car.

keeper. Then I have transferred her to a waitress at the current 1980 wage.

Q. I take it that you are—you have used what in tax accounting would be called the adjusted gross income?

A. No.

Q. Oh, just gross income?

A. This would be in tax terms gross income.

Q. Gross income?

A. Yes.

Q. So from those figures there you have not made any deductions for her Federal and State income taxes for example?

A. That's correct."

In closing argument, counsel for appellees without objection from appellant, stated:

"But, [the expert] did a strange thing anyhow, and I comment on it now, not because it has any importance in the case. It makes you wonder how they go about their work when they are retained to prove a point to a jury. He measured her high earnings before and her low earnings later. And then he said she ought to be entitled to the difference, and so forth. He never considered income tax. Now that may or may not be important, but it is suggestive to me that he could have done it accurately. And for one reason or another he elected not to do it accurately."

Appellant contends that the questions and argument regarding income taxes should not have been allowed, citing *Mitchell v. Emblade*, 80 Ariz. 398, 298 P.2d 1034 (1956). In *Mitchell*, the court held that the jury should not be instructed that an award of damages for pain and suffering and medical expenses is not subject to income taxes, and stated:

". . . [T]he case [should] be tried on the issues and presented to the jury with a correct measure of damages, of which the incident of income tax has no part." 80 Ariz. at 405, 298 P.2d at 1038.

The issue here is whether the rule announced in *Mitchell* is so broad as to encompass the questioning of appellant's expert as to the basis for his computations.

Although courts are divided on this question, the majority view appears to be that income tax consequences should not be taken into consideration in arriving at damages for loss of future earnings or for impairment of future earning capacity. Rather the award of damages should be based upon a plaintiff's gross earnings. The courts have generally reasoned that the amount of taxes is too conjectural and would not only unduly complicate and confuse the damages issue but overshadow the basic issue of liability. See e. g. *Beaulieu v. Elliott*, 434 P.2d 665 (Alaska 1967); *Hoge v. Anderson*, 200 Va. 364, 106 S.E.2d 121 (1958); *Hall v. Chicago & North Western Railway Company*, 5 Ill.2d 135, 125 N.E.2d 77 (1955); *Texas & N. O. R. Co. v. Pool*, 263 S.W.2d 582 (Tex.Civ.App.1953); and Annot. 63 A.L.R.2d 1393 (1959).

We adopt the majority rule and hold that gross pay and not net or "take home" pay is the proper basis for computing loss of future earnings, and that evidence of income taxes or deductions should not be allowed for the purpose of reducing the amount of damages. *Hoge v. Anderson, supra.* We therefore find the court erred in allowing counsel for appellees to question the expert witness as to income taxes.

■■ In order to justify a reversal, however, the error must have been prejudicial to the substantial rights of the appellant. Prejudice will not be presumed but must appear from the record. *Phoenix Western Holding Corporation v. Gleeson*, 18 Ariz. App. 60, 500 P.2d 320 (1972).

■■ Although the questions asked the expert witness were irrelevant and should not have been posed, they were innocuous.[2] If any harm were done, it was when appellees made the foregoing argument to the jury. As previously noted, no objection to

2. Appellant, herself, contends that the jury award contained no compensation for loss of future earnings.

the argument was ever made until the motion for new trial. If an objection had been made prior to the jury's retirement, an admonishment from the judge would have cured any error. Under such circumstances appellant cannot now complain of appellees' argument to the jury. *Beliak v. Plants*, 93 Ariz. 266, 379 P.2d 976 (1963). Furthermore, appellant had the opportunity to offer a jury instruction on the issue but did not do so. We find no reversible error on this score.

■ In requesting this court to grant an additur or a new trial, appellant claims that the issue of causation of her back injury was determined by improper argument and that there was no evidence from which the jury could have concluded that her back injury was caused by the May 3rd accident. We disagree. There was some evidence from which the jury could have determined that the second accident caused the injury. But more importantly, there was evidence from which the jury could have concluded that appellant's injury was not as permanent or disabling as she claimed. The verdict is consistent with either finding. We therefore cannot say that substantial justice has not been done in light of the overall setting of the trial and character of the evidence, *Creamer v. Troiano*, 108 Ariz. 573, 503 P.2d 794 (1972), and find no basis for granting an additur or a new trial.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.