NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PHILLIP TERRY POTTER, *Plaintiff/Appellant,*

*v.*

CHRISTINE EHRICH, *Defendant/Appellee.*

No. 1 CA-CV 23-0760

FILED 09-10-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2021-005501
The Honorable Danielle Viola, Judge
The Honorable Pamela Gates, Judge

**AFFIRMED**

---

COUNSEL

Phillip Potter, Scottsdale
*Plaintiff/Appellant*

Mark J. DePasquale, P.C., Phoenix
By Mark J. DePasquale
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Phillip Potter appeals the dismissal of his claim against Christine Ehrich and "from all judgments, rulings, decisions, and orders entered." He argues, among other things, that the superior court erred by denying leave to amend his complaint and denying a motion to consolidate his case with another superior court case. We find no error and affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Potter and Tasneem Doctor were married in October 2018 and separated in January 2020. Following their separation, Doctor sought and obtained a protective order against Potter based on what Potter alleges were "fabricated domestic violence allegations." Ehrich was to be a witness for Doctor at the contested protective order hearing. Ehrich was never called to testify. The order was quashed in April 2020.

**¶3**　　　　In April 2021, Potter filed a superior court complaint alleging one count of wrongful institution of civil proceedings ("wrongful institution") against Doctor and her legal counsel and one count of aiding and abetting the wrongful institution claim against all defendants, including Ehrich. The complaint addressed the quashed protective order but also included extensive background information about Doctor and her family, Robert Meza (a former member of the Arizona Legislature), and various other individuals and organizations. Upon Doctor's motion, the court struck many of these allegations as irrelevant about the wrongful institution and aiding and abetting claims.

**¶4**　　　　In August 2021, Potter filed another complaint,[1] accusing Doctor of participating in a criminal enterprise with 24 other defendants, including healthcare organizations, Meza and other public figures, and private individuals, including Ehrich ("RICO case"). The RICO complaint

---

[1]　　　　Case number CV2021-013210.

alleged 13 total counts, including defamation per se, negligence per se, conversion, unjust enrichment, tortious interference with business relationships, civil conspiracy, and racketeering under A.R.S. § 13-2314.04. The RICO complaint also alleged a wrongful institution claim and a civil conspiracy to commit wrongful institution substantially like the two counts in this case. Potter purported to link the wrongful institution claim to the RICO claims by alleging that Doctor's wrongful filing of the protective order was done to intimidate Potter so that he would not expose the RICO criminal conspiracy.

¶5            In October 2021, Potter moved to consolidate the two cases under Arizona Rule of Civil Procedure ("Rule") 42. But the court denied the motion, finding the RICO case "extends far beyond the allegations in [this case] and does not involve common questions of law or fact." Meanwhile, in this case, Ehrich moved to dismiss for failure to state a claim under Rule 12(b)(6).

¶6            In January 2022, the superior court dismissed most of the defendants and claims from the RICO case. One week later, Potter moved for leave to amend his complaint in this case, seeking to add over a dozen new defendants from the RICO case and eight new claims. Six of the eight new claims were similar or identical to claims from the RICO case. The other two new claims were against Doctor for abuse of process and fraudulent inducement.

¶7            In March 2022, the court denied Potter's motion because "claims previously stricken and dismissed in [the RICO case] are not appropriate and request for leave to file such allegations and claims will not be granted." But the court acknowledged that "certain allegations such as Plaintiff's request to amend the complaint to add a claim against Tasneem Doctor for Abuse of Process may properly state a claim . . . . If Plaintiff seeks to amend the Complaint appropriately, he may refile a request." In the same order, the court granted Ehrich's motion to dismiss, finding that because Potter "did not allege any wrongdoing by Ms. Ehrich," he failed to state a claim for aiding and abetting wrongful institution.

¶8            In May 2022, the court in the RICO case entered a Rule 54(b) judgment as to the dismissed claims, and Potter appealed. This court affirmed. *Potter v. Meza*, 1 CA-CV 22-0441, 2023 WL 6845510 (Ariz. App. Oct. 17, 2023) (mem. decision). While the appeal was pending, Ehrich argued before the superior court in the RICO case that the claim against her

should be dismissed under the doctrine of abatement.[2] *See Davies v. Russell*, 84 Ariz. 144, 148 (1958) ("The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works in abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction."). The court agreed that the conspiracy to commit wrongful institution was abated, dismissing that claim from the RICO case.

¶9            In June 2022, Potter again moved for leave to amend and consolidate in the wrongful institution case. But his proposed amended complaint contained nearly identical claims as his January motion. The court denied his motion. In May 2023, Potter once again moved for leave to amend or supplement the complaint "based on express abatement, new law, the discovery of previously undiscoverable facts, and post-pleading events giving rise to new claims and identifying liable parties previously identified as 'Doe' defendants." The court denied the motion. The court then entered judgment under Rule 54(b) for the dismissed claim against Ehrich.

¶10            Potter appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶11            We review the superior court's grant of a motion to dismiss *de novo. Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70, ¶ 7 (App. 2014). We "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

¶12            We review consolidation rulings and denials of motions to amend pleadings for an abuse of discretion. *Hancock v. McCarroll*, 188 Ariz. 492, 495 (App. 1996) ("Cases may be consolidated in the trial court's discretion, and we will not disturb such an order unless the court abused its discretion."); *In re Torstenson's Est.*, 125 Ariz. 373, 376 (App. 1980) ("A motion for leave to amend a pleading is addressed to the sound discretion of the trial court . . . ."). "Although the superior court has the discretion to

---

[2]      Potter also argued before this court that abatement applied in *Meza*. But we declined to address the argument, as it had not yet been considered by the superior court. *See Meza*, 1 CA-CV 22-0441, at *2, ¶ 10.

deny a motion to amend, we review de novo whether a request to amend is futile." *Ute Mountain Ute Tribe v. Ariz. Dep't of Revenue*, 254 Ariz. 410, 416, ¶ 22 (App. 2023) (citation omitted). When determining a proposed amendment's futility, we take all well-pled factual allegations as true. *Id.*

**A.     Potter's Arguments about Jurisdiction and Abatement Are Irrelevant to This Appeal.**

**¶13**     To begin, Potter argues that the superior court here and in the RICO case improperly analyzed jurisdictional issues. He argues that because this case and the RICO case both address common facts, this case abated the RICO case, depriving the court of jurisdiction in the RICO case. *See Allen v. Superior Court*, 86 Ariz. 205, 209 (1959). He concludes that, without jurisdiction, the "orders, decisions, and judgments" of the RICO case are void. But those judgments are not before us in this appeal.[3]

**¶14**     Potter further contends that the court's rulings are also void for "fail[ing] to exercise exclusive jurisdiction." But Potter cites no law to support this proposition. We decline to conclude that a court properly vested with jurisdiction cannot issue valid orders simply because another court asserts jurisdiction over the same matter. Thus, even if the RICO case should have been abated, the decisions here are valid.

**B.     This Court Has Already Reviewed the Superior Court's Consolidation Ruling.**

**¶15**     Potter challenged the superior court's consolidation ruling in an appeal from the RICO case. *See Meza*, 1 CA-CV 22-0441, at *2, ¶ 12. We affirmed, deciding that the superior court did not abuse its discretion by denying the motion to consolidate this and the RICO cases. *Id.*

**¶16**     "Issue preclusion, also known as collateral estoppel, precludes relitigating an issue of fact in a later case when, in a previous case, the same issue was actually litigated, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full and fair opportunity to litigate." *Crosby-Garbotz v. Fell*, 246 Ariz. 54, 55, ¶ 1 (2019) (quotation omitted). "'Law of the case' concerns the practice of refusing to reopen questions previously decided in the same case by the same court or

---

[3]     We address this argument in our concurrently issued decision addressing his appeal from the RICO case, 1 CA-CV 23-0764.

a higher appellate court." *Davis v. Davis*, 195 Ariz. 158, 162, ¶ 13 (App. 1999) (citation omitted).

**¶17**        Potter argues that neither issue preclusion nor the law of the case applies here to bar review of the superior court's consolidation ruling in a prior case. He points out that issue preclusion applies only to "issues of fact or law that were actually litigated and necessarily decided in **a prior proceeding**," relying on *Quinn v. Cardenas*, 256 Ariz. 77, 85–86, ¶ 31 (App. 2023). On that basis, he argues that because this court reviewed the consolidation ruling in an appeal arising from the RICO case, which was filed after this case, our decision in that case does not preclude the issue here. He also argues that because our decision in *Meza*, 1 CA-CV 22-0441, arose out of the RICO case and not this one, the law of the case does not apply.

**¶18**        Potter is mistaken. While the RICO case may have been filed in the superior court after this case, our decision in *Meza*, 1 CA-CV 22-0441, is an "actually litigated" decision in an *appellate* case that precedes this appellate decision. *See Crosby-Garbotz*, 246 Ariz. at 55, ¶ 1. Potter had a "full and fair opportunity" to challenge the consolidation ruling there, and the timing of the superior court filings in the cases is irrelevant.

**¶19**        Moreover, the superior court rulings in both cases were written by the same judge, issued on the same day, and contained identical text. The court ruled from identical case records and arguments. And our review now would not consider any meaningfully distinct record from our prior review of the consolidation issue. In short, Potter has not explained why we should review the consolidation ruling differently than we did in *Meza*, 1 CA-CV 22-0441. We decline to consider anew his arguments for consolidation.

**C.      The Superior Court Did Not Abuse Its Discretion by Denying Leave to Amend or Supplement the Complaint.**

**¶20**        Rule 15 governs the procedure for amending and supplementing civil pleadings. *See* Ariz. R. Civ. P. 15. A party may amend its pleading without leave of the court within the timeframe provided under Rule 15(a)(1). *See* Ariz. R. Civ. P. 15(a)(1)(B) (A party may amend "no later than 21 days after a responsive pleading is served . . . or, if a motion under Rule 12(b), (e), or (f) is served, on or before the date on which a response to the motion is due, whichever is earlier."). Potter received his first responsive pleading in May 2021, but he did not move to amend his complaint until January 2022. Thus, he could only amend his complaint

with leave of court or consent of all opposing parties. *See* Ariz. R. Civ. P. 15(a)(2).

¶21        Potter argues that the superior court erred by denying his motions to amend or supplement his complaint.[4] The thrust of his argument is that (1) his claims were well-pled; (2) new events entitled him to an updated complaint; and (3) the dismissal from the RICO case is not preclusive because of "discovered facts and new events."

¶22        "While leave to amend a pleading should be freely granted in the interests of justice, the right to amend is not automatic." *In re Torstenson's Est.*, 125 Ariz. at 376. It is not an abuse of discretion to deny leave to amend when there is "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1972)).

¶23        When ruling on Potter's January 2022 motion for leave to amend, the superior court found that many of the proposed claims had been brought and dismissed in the RICO case. The court explained:

> Although certain allegations such as Plaintiff's request to amend the complaint to add a claim against Tasneem Doctor for Abuse of Process may properly state a claim, Plaintiff's Motion for Leave to Amend is denied. If Plaintiff seeks to amend the Complaint appropriately, he may refile a request. However, claims previously stricken and dismissed in [the RICO case] are not appropriate and request for leave to file such allegations and claims will not be granted.

As for the claims specific to Ehrich, the court elaborated that Potter's amended pleading "includes conclusory allegations and inferences that are not implied by the facts, and which are insufficient to state a claim for relief." The court then denied the motion.

---

[4]        We note that multiple defendants remain in the action before the superior court. While we have jurisdiction to consider this appeal following judgment under Rule 54(b), granting Potter the relief he seeks would have consequences for the remaining defendants, who are not present here to object. Still, because we affirm the superior court, we need not address the issue.

**¶24** On review, we note that six of Potter's eight new claims had been considered and dismissed from the RICO case. Though the superior court did not explicitly state that Potter's proposed amendment would be futile, we determine it would have been on this basis alone. Leave to amend may be denied when the amendment would be futile. *See Tumacacori Mission Land Dev, Ltd. v. Union Pac. R. Co.*, 231 Ariz. 517, 520, ¶ 12 (App. 2013); *Deutsche Bank Nat'l Tr. Co. v. Pheasant Grove LLC*, 245 Ariz. 325, 331, ¶ 19 (App. 2018).

**¶25** The amendment would also have added several new defendants, which is inherently prejudicial. *See Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015) (cleaned up) (citing *Owen v. Superior Court*, 133 Ariz. 75, 79 (1982)) ("Prejudice is the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation.").

**¶26** Moreover, Potter's new claim for fraudulent inducement did not allege a single fact common to the initial wrongful institution claim or the alleged racketeering enterprise. **"**Denial of leave to amend is a proper exercise of the court's discretion when the amendment comes late and raises new issues requiring preparation for factual discovery which would not otherwise have been necessitated nor expected, thus requiring delay in the decision of the case." *See Carranza*, 237 Ariz. at 515, ¶ 13 (cleaned up) (citing *Owen*, 133 Ariz. at 81); *see also Aiken v. Protis*, 59 Ariz. 101, 106 (1942) (Denial of the amendment was justified when "amendment would necessarily have completely altered the entire theory of the case.").

**¶27** Finally, the "discovered facts and new events" that Potter references comprise facts alleged in the RICO case or entirely irrelevant to the wrongful institution claim. Potter does not adequately explain why these new facts justified the amendment. We conclude that the court did not err by denying leave to amend—especially given that it also authorized Potter to refile a motion with the abuse of process claim.

**¶28** Despite the court's suggestion to narrow his focus, Potter's next proposed amendment contained much more than the abuse of process claim. Instead, Potter's motion contained an amended complaint with nearly identical claims as his January motion and an even longer set of factual allegations.

**¶29** The court denied Potter's June 2022 motion for failure to comply with the civil rules. Alternatively, on the merits, the court ruled:

Plaintiff apparently recognizes that he is seeking to assert allegations that the Court already determined were not appropriate in this case. . . . The "new" information that Plaintiff identifies in support of his pending motion is that Robert Meza purportedly made statements to a reporter that he helped Plaintiff's ex-wife get legal counsel and Meza is running for public office. None of this information supports revisiting the rulings of another judge or revisiting the prior ruling in this case that denied leave to amend and consolidation.

\*       \*       \*

Plaintiff expressly acknowledges that he is dissatisfied with [the RICO case] rulings and he wants the Civil Presiding Judge to rule differently than [the RICO case court]. Plaintiff claims that he is bringing new facts and circumstances to light. The Motion fails to identify any new facts or circumstances or any legal basis upon which this assigned judicial officer should revisit a ruling made by another judge. Plaintiff again seeks to expand the litigation to include numerous claims and defendants.

The superior court did not err by denying Potter's January motion.

¶30            Finally, as for the May 2023 motion, the court found that "[n]othing ha[d] changed" since the previous ruling and that adding claims and defendants would be inappropriate. The court reasoned:

[A]llowing leave to amend would be futile based on this Court's prior ruling that "claims previously stricken and dismissed in [the RICO case] are not appropriate and request for leave to file such allegations and claims will not be granted." Plaintiff has simply repackaged his claims into a longer complaint with additional defendants but relies on the same theories and claims previously rejected by the Court.

¶31            The court denied leave to file a supplemental pleading for the same reasons it denied amendment. *See Sw. Soil Remediation, Inc. v. City of Tucson*, 201 Ariz. 438, 446, ¶ 31 (App. 2001) (A trial court has broad discretion to allow a supplemental pleading under Rule 15(d).). The court discussed Potter's alleged claim for abuse of process against Ehrich:

> The Complaint does not allege that Ehrich actually testified at any hearing or provided any statement in support of the order of protection at issue. . . . Plaintiff offered no well-plead facts that Ehrich misused a judicial process. Even the commencement of an unjustified action is insufficient, on its own, to establish abuse of process. *Morn v. City of Phoenix*, 152 Ariz. 164, 167-68 (App. 1986). Even if Ehrich's action of being ready to testify was deemed sufficient, Plaintiff has not offered anything other than conclusory allegations as to how Ehrich used the judicial process, including Ehrich's alleged motives. . . . Plaintiff fails to allege well-pled facts sufficient to show an actionable ulterior motive or collateral advantage.

¶32        We agree that the proposed amendment would have been futile because Potter did not sufficiently allege how Ehrich misused a judicial process. *See Stair v. Maricopa Cnty.*, 245 Ariz. 357, 366, ¶ 37 (App. 2018); *see also Carranza*, 237 Ariz. at 515, ¶ 13 ("[R]epeated failure to cure deficiencies by previous amendments" is cause to deny the amendment.).

**D.        The Superior Court Did Not Err by Dismissing Potter's Aiding and Abetting Claim Against Ehrich.**

¶33        To bring a claim for aiding and abetting tortious conduct, a plaintiff must allege: (1) the primary tortfeasor committed a tort that caused plaintiff injury; (2) the defendant knew the primary tortfeasor's conduct was a breach of duty; and (3) the defendant substantially assisted or encouraged the primary tortfeasor to breach the duty. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 485, ¶ 34 (2002). "[A]iding and abetting liability is based on proof of a scienter . . . the defendants must know that the conduct they are aiding and abetting is a tort." *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 8 (App. 2010) (citation omitted).

¶34        Here, Potter claimed that Doctor obtained a protective order premised on false allegations, constituting the wrongful institution claim. And Potter alleged that Ehrich aided and abetted the wrongful institution claim. But to support this claim, Potter only alleged that Ehrich appeared to testify at the contested protective order hearing and that she was prepared to testify about stalking at the hearing, even though she "could not have witnessed stalking that did not happen." Potter does not claim that Ehrich testified, only that Ehrich "did not provide a statement or evidence."

10

¶35 Taken as true, these facts do not support a claim for aiding and abetting a wrongful institution. Ehrich's mere appearance at the hearing did not "substantially assist or encourage" Doctor to wrongfully institute a civil proceeding. *See Wells Fargo Bank*, 201 Ariz. at 485, ¶ 34. Indeed, the allegedly wrongful proceeding was already underway. And without a specific allegation of aiding and abetting conduct, Potter's statements that Ehrich "maliciously set out to damage [him]" by "weaponiz[ing] the judicial system" are conclusory and therefore insufficient. *See Coleman*, 230 Ariz. at 356, ¶ 9. The superior court did not err by dismissing the claim.

## ATTORNEY'S FEES

¶36 Ehrich requests attorney's fees under A.R.S. §§ 12-349, 13-2314.04(A), and 13-2314.04(N). In our discretion, we decline to award fees. *See Ariz. Republican Party v. Richer*, 121 Ariz. Cases Dig. 42, 48, ¶ 15 (2024). Ehrich is entitled to her costs upon compliance with ARCAP 21 as the prevailing party.

## CONCLUSION

¶37 We affirm.

