NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN THE MATTER OF:

THE RICK CHAMPAGNE REVOCABLE TRUST

and

THE R L TRUST

No. 1 CA-CV 24-0536 PB
FILED 11-19-2025

Appeal from the Superior Court in Maricopa County
No. PB2023-050690
No. PB2023-050691
The Honorable Vanessa N. Smith, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Warner Angle Hallam Jackson & Formanek PLC, Phoenix
By Jerome K. Elwell, Phillip B. Visnansky
*Counsel for Appellant Jay Douglas Wiley, II*

Becker & House PLLC, Scottsdale
By Mark E. House, Amanda L. Barney
*Counsel for Appellee Amanda Champagne*

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Andrew M. Jacobs and Judge Michael S. Catlett joined.

**W I L L I A M S**, Judge:

**¶1**　　　　Jay Douglas Wiley II appeals the superior court's dismissal of a count of his counter-petition filed against Amanda Champagne ("Amanda") and the denial of his request to amend his counter-petition. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Rick Champagne ("Rick") created The Rick Champagne Revocable Trust U/A/D February 21, 2005, As Restated and Amended, A.K.A., the AVNL Trust ("the Trust"). The Trust contains a no-contest clause and names Rick's daughter, Amanda, among its beneficiaries.

**¶3**　　　　Rick founded Champagne Holdings, LLC, and conferred a controlling interest in the company upon the Trust. The Trust names Amanda, Wiley, and Christopher Bozer as successor co-trustees. The Trust also appoints Wiley and Bozer as co-trustees "with respect to the control, management and voting power of all voting units in Champagne Holdings, LLC." The Trust instructs the trustee to comply with documents and provisions governing the Trust's requirement to sell its interests in Champagne Holdings, which is governed by an operating agreement.

**¶4**　　　　After Rick died, Wiley and Bozer authorized the sale of the Trust's interest in Champagne Holdings to Bozer and David Kaple. Amanda, as co-trustee of the Trust, then filed an amended verified petition in probate court against Wiley, Bozer, Kaple, and Champagne Holdings. She alleged Wiley and Bozer breached their fiduciary duties by selling the controlling interest in Champagne Holdings without disclosing the transaction or its terms to her or to the Trust's other beneficiaries and for significantly less than fair market value. She petitioned the court to remove Wiley and Bozer as co-trustees, appoint a successor special trustee, and void the sale of the Trust's interest in Champagne Holdings.

**¶5**　　　　Wiley, as co-trustee of the Trust, filed a counter-petition, alleging in Count One that Amanda's petition challenging the sale of

Champagne Holdings triggered the Trust's no-contest clause, thereby terminating her beneficial interest in the Trust. Wiley argued the Trust instructed him to comply with the provisions and documents governing the Trust's requirements to sell its interests in Champagne Holdings in accordance with Champagne Holding's operating agreement.

**¶6** Amanda, in her capacity as a beneficiary of the Trust, moved to dismiss Count One of Wiley's counter-petition for failure to state a claim upon which relief could be granted. She argued her filing of the petition in her capacity as a co-trustee, not as a beneficiary, did not violate the Trust's no-contest clause.

**¶7** After oral argument, the probate court dismissed Count One. The court denied Wiley's request to amend the counter-petition and entered final judgment.

**¶8** We have jurisdiction over Wiley's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1). [1]

## DISCUSSION

### I.    Dismissal of Count One

**¶9** Wiley argues the superior court erred in dismissing Count One of his counter-petition—a ruling we review *de novo*. *See Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). The superior court may dismiss a claim for "failure to state a claim upon which relief can be granted." Ariz. R. Civ. P. 12(b)(6). Dismissal is appropriate if the plaintiff is not "entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8 (2012). We assume the truth of all well-pleaded factual allegations. *Cullen v. Auto-Owners Ins., Co.*, 218 Ariz. 417, 419, ¶ 7 (2008)."[M]ere conclusory statements are insufficient to state a claim upon which relief can be granted." *Id.*

**¶10** Wiley alleged Amanda violated the trust's no-contest clause when she filed her petition, thereby terminating her beneficiary status. We

---

[1] After Wiley filed the notice of appeal and both parties submitted appellate briefing, the superior court removed Bozer as a co-trustee. The court then suspended both Amanda and Wiley as co-trustees and appointed Jeffrey Manley as the sole trustee. Manley takes no position in this dispute on behalf of the trust and declined to prosecute the underlying petitions in superior court. The superior court permitted Amanda and Wiley to continue prosecuting their respective petitions at their own expense.

turn to the text of the no-contest clause to determine whether Wiley sufficiently pleaded a violation of the trustor's intent as stated in the no-contest clause. *See In re Estate of Zilles*, 219 Ariz. 527, 530, ¶ 8 (App. 2008) (noting the goal in interpreting a trust provision is to "ascertain the intent of the trustor" by "consider[ing] the text of the trust as a whole") (internal quotation marks and citation omitted).

¶11　　　The Trust's no-contest clause states:

> If any person in any manner, directly or indirectly . . . , contests or attacks this instrument or any of its provisions or seeks to impair or invalidate any part or provision of the Trustor's estate plan, any share or interest given to that contesting person under this trust is revoked and shall be disposed of in the same manner provided as if that contesting person had predeceased the date of this instrument without leaving issue surviving him. . . .

> [T]he words "contest", "attack", "impair", and "invalidate" include but are not limited to any claim asserted against this trust, the will of the Trustor, the estate of the Trustor, the estate plan of the Trustor, or any assets encompassed by Trustor's estate plan.

¶12　　　On appeal, Wiley argues the following allegations of his counter-petition sufficiently pleaded a claim that Amanda violated the Trust's no-contest clause:

- o　　　Wiley and Bozer were appointed as independent trustees to manage the Trust's interest in Champagne Holdings;

- o　　　the Trust contains a no-contest clause;

- o　　　the Trust directs Wiley and Bozer to comply with the buy/sell provisions of Champagne Holdings' operating agreement;

- o　　　by seeking to void the sale of the Trust's interests in Champagne Holdings, Amanda sought to invalidate Wiley and Bozer's authority under the Trust and Rick's expressed intentions;

     o     by claiming that Wiley breached fiduciary duties related to the sale of the Trust's interests in Champagne Holdings, Amanda sought to invalidate Wiley and Bozer's authority as the two trustees authorized to sell the Trust's interest in Champagne Holdings.

**¶13**        Contrary to Wiley's contention, these allegations do not state a claim that Amanda violated the no-contest clause. The counter-petition does not allege that Amanda contested, attacked, impaired, invalidated, or asserted a claim against the Trust, Rick's Will, Rick's estate, or Rick's estate plan—the specific actions enumerated in the no-contest clause that trigger its application. And although Amanda's petition named as a respondent Champagne Holdings (the controlling interest of which was the Trust's most significant asset), Amanda did not allege any claims against Champagne Holdings. Instead, she directed claims solely against Wiley and Bozer.

**¶14**        Wiley alleged Amanda's petition violates the Trust's no-contest clause because it challenges the Trust's validity, the co-trustees' authority, and the sale of the Trust's interests in Champagne Holdings—asserting Wiley and Bozer breached their fiduciary duties by consummating the sale. Amanda argues these particular allegations are conclusory and her petition does not challenge Wiley's authority or obligations under the Trust but rather seeks to enforce the Trust's terms pursuant to her statutory duty under A.R.S. § 14-10703(G) to remedy material breaches of trust by Wiley and Bozer. We agree these allegations are legal conclusions, which are insufficient to state a claim. *See Cullen*, 218 Ariz. at 419, ¶ 7. Moreover, Amanda's petition did not allege the Trust was invalid or that Wiley and Bozer had no authority under the Trust's provisions.

**¶15**        Finally, Wiley's argument that a trustee who is also a beneficiary of a trust can violate a trust's no-contest clause based on actions purportedly taken as a trustee provides no basis to vacate the superior court's ruling. Our decision focuses narrowly on the sufficiency of the well-pleaded facts in Count One of Wiley's counter-petition, which we conclude fail to state a claim that Amanda violated the Trust's no-contest clause.[2]

---

[2] Given our resolution of this case, we need not consider Amanda's argument that enforcement of no-contest clauses against trustees acting in their fiduciary capacity trying to enforce the terms of a trust are prohibited.

## II.     Denial of Request to Amend Counter-Petition

**¶16**      Wiley argues the superior court erred in denying his request to amend his counter-petition, which he first asserted in response to the motion to dismiss. We review the denial of a request to amend a complaint for abuse of discretion. *Matter of Estate of Torstenson*, 125 Ariz. 373, 376 (App. 1980). Wiley failed to file a separate motion to amend attaching a proposed amended pleading as required by Arizona Rule of Civil Procedure 15(a)(2) and (a)(4). Instead, he attached a proffered amendment to briefing ordered by the superior court only after the court had already dismissed Count One. Therefore, the superior court did not abuse its discretion in denying leave to amend. *See Conklin v. Medtronic, Inc.*, 244 Ariz. 139, 147, ¶ 32 (App. 2017) (*vacated on other grounds by Conklin v. Medtronic, Inc.*, 245 Ariz. 501 (2018)); *see also Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 12 (App. 2015).

## CONCLUSION

**¶17**      For the foregoing reasons, we affirm the superior court's rulings. We award costs to Amanda upon compliance with ARCAP 21. We deny Wiley's request for attorney fees under A.R.S. §§ 12-349 and 14-11004.

